UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        File No.  1:05-CR-173

        HON. ROBERT HOLMES BELL

RILEY WESLEY SCOTT,

        Defendant.
                                      /

## **O P I N I O N**

This matter is before the Court on Defendant Riley Wesley Scott's motion to suppress evidence seized pursuant to a search warrant.  Defendant contends that evidence seized during the execution of a search warrant of his home should be suppressed based upon the insufficiency of the affidavit supporting the warrant.  Because the affidavit sets forth the requisite probable cause to sustain the search warrant, *see Illinois v. Gates*, 462 U.S. 213, 239 (1983), the motion to suppress is denied.

I.

Defendant has been charged, by way of a single-count indictment, with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On September 8, 2004, Lamar Brooks, a police officer with the Kalamazoo Valley Enforcement Team (KVET), applied for a search warrant to search 2211 The Dells, Kalamazoo, Michigan.  Probable cause for the search warrant was substantiated by Officer Brooks' affidavit attached to the search warrant.

After setting forth his law enforcement qualifications and previous experience with narcotics investigations, Officer Brooks' affidavit stated:

> On 2-25-04, KVET received an intelligence tip that stated that there was an active methamphetamine lab and that the house was on The Dells. Caller gave the directions to get to the house as he/she didn't know the exact address and gave a description of the house. Caller further stated that this house had been raided before and KVET seized a truck, boat, car, and a trailer. Caller states that every night between 2-3 am the smell of ammonia is overwhelming from that area. That in checking KVET intelligence, it was learned that the address being described was 2211 The Dells and the resident was Riley Scott.

Ex.1, Aff. for Search Warrant, Def.'s Br. (Docket #31). The affidavit also included a recitation of Defendant's criminal history which included two drug-related felony convictions, a misdemeanor marijuana possession conviction, and four other drug-related arrests. Finally, the affidavit disclosed that in the early morning hours of that day (September 8, 2004), Officer Brooks conducted a trash pull at the 2211 The Dells residence. A search of the trash bag revealed mail addressed to Defendant as well as a single marijuana stem, four Ziploc gallon size plastic bags, and a large cellophane wrap measuring approximately 29" long and 12" wide. Two of the gallon size Ziploc bags contained marijuana residue. The cellophane wrap had "marijuana residue all over it." *Id*. The affidavit also explained that gallon size Ziploc bags were used by drug dealers to store one pound increments of marijuana and that the large cellophane wrap was "consistent with the way that marijuana suppliers wrap large quantities/bricks of marijuana for transport." *Id*. Based upon the information contained in the affidavit, a state district court magistrate judge

issued the search warrant for 2211 The Dells. The police executed the search warrant that same day, seizing marijuana, three firearms, and ammunition.

In the present motion, Defendant challenges the sufficiency of the affidavit in support of the warrant, contending that the February 25, 2004 confidential tip and the Defendant's criminal history was stale and that the remaining information was not sufficient to support a finding of probable cause.

## II.

In reviewing the magistrate judge's probable cause determination, the Court does not conduct a *de novo* review, but only reviews the sufficiency of the affidavit to determine "whether the magistrate judge had a substantial basis for finding that the affidavit established probable cause that evidence would be found at the place cited." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). The magistrate judge's probable cause determination is afforded great deference and should only be reversed if arbitrarily made. *United States v. Lattner*, 385 F.3d 947, 952 (6th Cir. 2004); *United States v. Trujillo*, 376 F.3d 593, 602 (6th Cir. 2004) (quoting *Woosley*, 361 F.3d at 926).

The Court must look at the totality of the circumstances in order to determine whether an affidavit is sufficient to support a finding of probable cause. *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005) (citing *Gates*, 462 U.S. at 230); *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001) ("[R]eview of an affidavit and search warrant should rely on

a 'totality of the circumstances' determination, rather than a line-by-line scrutiny."). Probable cause is defined as "'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion,' and is said to exist 'when there is a fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *Lattner*, 385 F.3d at 951 (quoting *United States v. Bennet*, 905 F.2d 931, 934 (6th Cir. 1990); *Davidson*, 936 F.2d at 859).

With this standard in mind, the Court turns to the issues presented in the instant case. While Defendant focuses his motion on the staleness of the criminal history information and the anonymous tip, the Court finds that it is not necessary to address these issues because the evidence recovered from the trash pull was sufficient to support a finding of probable cause.[1] In *California v. Greenwood*, 486 U.S. 35, 39-41 (1988), the Supreme Court held that the Fourth Amendment is not implicated when the police view the contents of a person's trash which has been placed on the street for collection. Defendant has conceded that it was permissible for the police to confiscate and view the contents of his trash. Defendant,

---

[1]The Court is mindful that there is a strong argument that Defendant's staleness claim is defeated by the pattern of criminal activity demonstrated by the confidential tip, criminal history, and trash pull. *See generally United States v. Henson*, 848 F.2d 1374, 1382 (6th Cir. 1988) ("[R]elated events covering a broad span of time continuing to the current period may furnish a most reliable indicia of present activity, thereby clearly demonstrating that probable cause exists."); *see also United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001) (holding that evidence of ongoing criminal activity generally can defeat a staleness claim). It is not necessary, however, to address this line of cases because the evidence recovered from the trash pull provided a substantial basis from which the magistrate judge could conclude that probable cause was present to search Defendant's residence.

however, argues that this evidence was not sufficient to establish probable cause. The Court does not agree.

The affidavit in this case disclosed that a marijuana stem, Ziploc bags, and a large cellophane wrap were recovered from the garbage. The bags and cellophane wrap contained marijuana residue. In addition, Officer Brooks indicated that Ziploc bags and cellophane wrap are materials that are used to package marijuana in the drug trade. The recovery of these materials from Defendant's garbage was sufficient to establish reasonable grounds to believe that evidence of a crime would be found in Defendant's residence. *See e.g., United States v. Briscoe*, 317 F.3d 906, 908-09 (8th Cir. 2003) (holding that the discovery of marijuana seeds and stems in defendant's garbage was sufficient, standing alone, to establish probable cause); *United States v. Lawrence*, 308 F.3d 623, 627 (6th Cir. 2002) (noting that district court properly upheld issuance of a search warrant based on informant's statements and discovery of plastic bags containing wrappers with cocaine residue in defendant's trash, "even if [informant's] statements were excised from the search warrant affidavit."); *United States v. Reinholz*, 245 F.3d 765, 768 (8th Cir. 2001) (denying motion to suppress where probable cause for search warrant was based on the discovery of twenty syringes with methamphetamine residue and a brass pipe with cocaine residue in the garbage as well as defendant's prior criminal drug history). Thus, the search warrant was supported by sufficient probable cause.

5

Defendant relies on an unpublished Sixth Circuit case, *United States v. Harris*, 6 Fed. Appx. 304 (6th Cir. 2001), to argue that the information recovered from his trash was not sufficient to support a finding of probable cause.  In *Harris*, while discussing whether the information contained in an affidavit supporting a search warrant was stale, the court noted that the presence of a single marijuana stem in defendant's trash was "probably insufficient to establish probable cause." 6 Fed. Appx. at 307.  The court concluded, however, that the marijuana stem corroborated earlier information that defendant was involved in drug activity. *Id*.

The Court does not dispute the Sixth Circuit's statement that a single marijuana stem may not be sufficient to establish probable cause.  This, however, does not alter the Court's conclusion that there was probable cause to support the issuance of the search warrant in this case because the affidavit contains more information regarding drug activity than a single marijuana stem.  In this case, Ziploc bags and cellophane wrap each containing marijuana residue were recovered in addition to a marijuana stem.  Thus, there was sufficient information from which the magistrate judge could conclude that there was probable cause to believe that contraband or evidence of a crime would be found in Defendant's residence. *Lattner*, 385 F.3d at 951.  Accordingly, Defendant's motion to suppress is denied.  An order will be entered consistent with this opinion.

Date:   October 3, 2005            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE